# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on February 28, 2003



04-2424-McAliley

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. _____ |
| v. | : |
| | : GRAND JURY ORIGINAL |
| | : |
| | : VIOLATIONS: |
| | : |
| | : 21 U.S.C. §963 |
| | : (Conspiracy to Import Five Kilograms or |
| | : More of Cocaine and to Manufacture and |
| | : Distribute Five Kilograms or More of |
| | : Cocaine Intending and Knowing that the |
| | : Cocaine Will Be Unlawfully Imported into |
| | : the United States) |
| | : |
| | : 46 U.S.C.App. §1903(j) |
| | : (Conspiracy to Manufacture, Distribute and |
| | : Possess Five Kilograms or More of Cocaine |
| | : on Board a Vessel Subject to the Jurisdiction |
| | : of the United States) |
| | : |
| | : 46 U.S.C.App. §1903(a) |
| | : (Manufacturing, Distributing and Possessing |
| | : Five Kilograms or More of Cocaine on |
| | : Board a Vessel Subject to the Jurisdiction of |
| | : the United States) |
| JAIME ROJAS, | : |
| aka Ya Tu Sabes, | : |



1

|  |  |
|---|---|
| ▓▓▓▓▓▓▓▓▓▓ | : 18 U.S.C. §2 |
| ▓▓▓▓▓▓▓▓ | : (Aiding and Abetting) |
|  | : |
| Defendants. | : 21 U.S.C. §853 |
|  | : 21 U.S.C. §970 |
|  | : 46 U.S.C.App. § 1904 |
|  | : (Forfeiture) |

## INDICTMENT

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this Indictment, unless otherwise indicated:

### INTRODUCTION

1. The ▓▓▓▓▓▓▓ Drug Trafficking Organization, hereafter identified as the MDTO, is a drug trafficking organization based in Colombia, South America that distributes multi-thousand kilogram shipments of cocaine to the United States, Europe, and Canada.

2. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ is the leader of the MDTO and directs the entire operation of the MDTO, including all of its trafficking and financial operations.

3. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, is the twin brother of ▓▓▓▓▓ ▓▓▓▓▓▓▓ and is second in command of the MDTO. ▓▓▓▓▓▓▓▓▓▓▓ is responsible for the procurement of cocaine in Colombia for distribution.

4. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, is a member of the MDTO who provides protection for cocaine shipments both before they leave Colombia, including guarding stored cocaine and cocaine that is being loaded onto "go-fast" boats, and while the cocaine shipments are being transported from Colombia to the United States and other

2

countries on board cargo vessels. ███████ is also a bodyguard for members of the MDTO.

5. ████████████████████████, is a member of the MDTO who provides protection for cocaine shipments before they leave Colombia, including guarding cocaine that is stored in Colombia, and cocaine that is being loaded on to "go-fast" boats. ███████ is also a bodyguard for members of the MDTO.

6. █████████████████████████, also provides protection for cocaine shipments before they leave Colombia, including guarding cocaine that is stored in Colombia, and cocaine that is being loaded on to "go-fast" boats. ██████ is also a bodyguard for members of the MDTO.

7. ███████████████████████, receives money in Colombia that is derived from the sale of the MDTO's cocaine. ████████ keeps an accounting of the amount of money paid to the MDTO, and by whom it is paid. ████████ also makes payments from that money on behalf of the MDTO.

8. ██████████████████, purchases cargo vessels for the MDTO that are used to ship cocaine to the United States and other countries.

9. **JAIME ROJAS**, a/k/a Ya Tu Sabes, receives money in Florida that is derived from the sale the MDTO's cocaine. Rojas either makes payments from that money on behalf of the MDTO, or ensures that the money is transported to other members of the MDTO in Colombia.

3

10. ████████████████████, assists in organizing shipments of cocaine from Colombia for the MDTO. ████ also assists in loading "go-fast" boats, and he travels on "go-fast" boats to deliver cocaine to other vessels.

## COUNT ONE

11. Paragraphs 1 through 10 are repeated and realleged as though set forth herein.

## THE CONSPIRACY

12. From in or about January 1994 and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the United States, the Republic of Colombia, and elsewhere, the defendants ████████ ████████████████████████████████████████████████████████████████, ████████████████████████████████████████████████████████████████, ████████████████████████████████████████████████████████ JAIME ROJAS, a/k/a Ya Tu Sabes, ████████████████████████████, and others known and unknown to the Grand Jury did knowingly and intentionally combine, conspire, confederate and agree to commit the following offenses against the United States: (1) knowingly and intentionally import five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, into the United States from the Republics of Colombia and Mexico, in violation of Title 21, United States Code, Sections 952 and 960, and (2) knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance, intending and knowing that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959 and 960.

## OBJECT OF THE CONSPIRACY

13. It was the object of the conspiracy to transport cocaine by sea, on board "go fast" boats and cargo vessels, from Colombia to the United States, either directly or through Mexico, for distribution.

## MANNER AND MEANS OF THE CONSPIRACY

14. The defendants and other co-conspirators, both known and unknown to the Grand Jury, used the following manner and means to accomplish the goals of the conspiracy:

15. ███████████████ makes all decisions for the organization, including the amount of cocaine to be distributed, the method of distribution, the price per kilogram of cocaine, and the destination of the cocaine.

16. ███████████████ and other members of the MDTO procure cocaine in Colombia, and transport that cocaine to the coast of Colombia, and to Venezuela where it is stored for later transport by the MDTO to the United States and other countries.

17. On behalf of the MDTO, ███████████████████████████████████████
███████████████████████████████ protect the cocaine in Colombia from seizure by law enforcement officers.

18. ███████████████ and other members of the MDTO procure large cargo vessels to transport cocaine to the United States and other countries.

5

19. When transporting cocaine directly to the United States, ████████████, ████████████████████████████████████████████. ████████████████████ and other members of the MDTO load "go-fast" boats with cocaine, smuggle the cocaine from the coast of Colombia on "go-fast" boats, transfer the cocaine to larger cargo vessels at sea, and ship the cocaine on board the cargo vessels to the United States.

20. When transporting cocaine to the United States via Mexico, ████████████, ████████████████████████████████████████████. ████████████████████ and other members of the MDTO smuggle cocaine out of Colombia on "go-fast" boats, and transfer the cocaine to Mexican narcotics transportation groups, who transport the cocaine into the United States on behalf of the MDTO.

21. ████████████████████████████████████████████████████████████████████████████████████████████████████████████, ████████████████████, JAIME ROJAS, ████████████████████, and other members of the MDTO ship cocaine from Colombia and Venezuela to Canada, Spain, the Netherlands, and other countries on board cargo vessels, receive the money derived from the sale of cocaine in those countries, and use portions of that money to finance additional shipments of cocaine to the United States.

22. In Florida, **JAIME ROJAS** and other members of the MDTO receive United States currency that was derived from the sale of cocaine, and ensure that the money is transported to Colombia.

23. In Colombia, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and other members of the MDTO receive the proceeds from the sale of cocaine, and maintain an accounting of the organization's funds.

24.  ▓▓▓▓▓▓▓, **JAIME ROJAS**, ▓▓▓▓▓▓▓, and other members of the MDTO prepare log books and drug ledgers to record amounts of cocaine that the MDTO transported, the price of the cocaine, and the money received from the sale of the cocaine.

25.  ▓▓▓▓▓▓▓, **JAIME ROJAS**, ▓▓▓▓▓▓▓, and other members of the MDTO use violence and the threat of violence, including using firearms, kidnaping, and extortion, to further their drug trafficking activities.

## OVERT ACTS

26. In furtherance of the conspiracy, and to effect and accomplish the objects thereof, within the United States, the Republic of Colombia, the Republic of Mexico, the Republic of

Venezuela, and elsewhere, one or more of the defendants, committed and caused to be committed one or more of the following overt acts, among others:

A. In or about March 1998, ███████████████, ███████████████, ███████████████, ███████████████, JAIME ROJAS, ███████████████ and other co-conspirators imported more than 300 kilograms of cocaine from Colombia into the United States through Mexico.

B. In or about April 1998, ███████████████, ███████████████, ███████████████, JAIME ROJAS, ███████████████, and other co-conspirators imported more than 400 kilograms of cocaine from Colombia into the United States through Mexico.

C. In or about June 1998, ███████████████, ███████████████, ███████████████, JAIME ROJAS, ███████████████, and other co-conspirators imported approximately 2300 kilograms of cocaine from Colombia into the United States on board a cargo vessel.

D. In or about September 1998, ███████████████, ███████████████,

8



██████, JAIME ROJAS. ██████

██████, and other co-conspirators imported approximately 2100 kilograms of cocaine from Colombia into the United States on board a cargo vessel.

E. In or about November 1998, ██████████████████████████████

████████████████████████████████████████████████

██████████████████████████, JAIME ROJAS, ██████

██████, and other co-conspirators imported approximately 2200 kilograms of cocaine from Colombia into the United States on board a cargo vessel.

F. On an unknown date in 1998, ██████████████ accompanied and safeguarded a shipment of cocaine aboard a cargo vessel that traveled from Colombia to the United States.

G. On an unknown date in 1998, ██████████████████████████ accompanied and safeguarded a shipment of cocaine aboard a cargo vessel that traveled from Colombia to Europe.

H. In or about April 1999, ██████████████, and other members of the conspiracy caused approximately $2,500,000, proceeds from the sale of cocaine, to be transported to Florida for delivery to **JAIME ROJAS**.

I. In or about August 2001, ██████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

9

██████████████████████████████, JAIME ROJAS, ████████

████████, and other co-conspirators imported approximately 5000 kilograms of cocaine from Colombia into the United States through Mexico.

J. On an unknown date in early 2003, ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████, JAIME ROJAS, ████████

████████ and other co-conspirators imported more than 200 kilograms of cocaine from Colombia into the United States.

In violation of Title 21, United States Code, Sections 960, 963, and Title 18, United States Code, Section 2.

## COUNT TWO

27. Paragraphs 1 through 10 are repeated and realleged as though set forth herein.

### THE CONSPIRACY

28. From in or about May 1999 and continuing thereafter up to and including the date of the filing of this Indictment, the exact dates being unknown to the Grand Jury, in the United States, the Republic of Colombia, The Republic of Venezuela, and elsewhere, the defendants ████████████████████████████████████████████████,

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████, JAIME

ROJAS, a/k/a Ya Tu Sabes, ████████████████, and others known and unknown to the Grand Jury did knowingly and intentionally combine, conspire, confederate and agree to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code Appendix, Section 1903(a).

## OBJECT OF THE CONSPIRACY

29. It was the object of the conspiracy to transport cocaine on board cargo vessels on the high-seas, from Colombia to the United States and other countries.

## MANNER AND MEANS OF THE CONSPIRACY

30. Paragraphs 14 through 25 are repeated and realleged as though set forth herein.

## OVERT ACTS

31. In furtherance of the conspiracy, and to effect and accomplish the objects thereof, within the United States, the Republic of Colombia, the Republic of Venezuela, and elsewhere, one or more of the defendants, committed and caused to be committed one or more of the following overt acts, among others:

A.  In or about May 1999,  ████████████████████████████████████, JAIME ROJAS, ████████████████, and other co-conspirators caused approximately 4000 kilograms of

11

cocaine to be loaded on board the Motor Vessel China Breeze in international waters which was traveling to Portugal.

    B.    In August 2000,  , JAIME ROJAS, ████████, and other co-conspirators possessed more than 8,000 kilograms of cocaine for distribution in Venezuela.

    C.    In or about August 2000,  , JAIME ROJAS, ████████ and other co-conspirators possessed approximately 4900 kilograms of cocaine in hidden storage locations in Venezuela that was loaded onto "go-fast" boats in the Orinoco River with the intent to transport the cocaine to international waters and load the cocaine on board the Motor Vessel Suerte I, which was scheduled to transport the cocaine to Spain.

In violation of Title 46, United States Code Appendix, Sections 1903(g) and 1903(j); Title 21, United States Code, Section 960(b)(1)(B)(ii) and Title 18, United States Code, Section 2.

## COUNT THREE

32. In or about May 1999, the defendants ███████████████████████████.

███████████████████████████████████████

███████████████████████████████████████.

███████████████████████████████████████,

███████████████████████████████████████

████ JAIME ROJAS, a/k/a Ya Tu Sabes, ███████████████████,

did knowingly and intentionally possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, to wit approximately 4000 kilograms, on board the Motor Vessel China Breeze, a vessel subject to the jurisdiction of the United States.

In violation of Title 46, United States Code Appendix, Sections 1903(a) and 1903(g) and Title 18, United States Code, Section 2.

## COUNT FOUR

33. In or about August 2000, the defendants ███████████████████

███████████████████████████████████████,

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████ JAIME ROJAS, a/k/a Ya Tu Sabes, ████████

████████████████, did knowingly and intentionally attempt to possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable

13

amount of cocaine, a Schedule II controlled substance, to wit approximately 4900 kilograms, on board the Motor Vessel Suerte I, a vessel subject to the jurisdiction of the United States.

In violation of Title 46, United States Code Appendix, Sections 1903(a). 1903(g) and 1903(j) and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

The violations alleged in Counts One through Four are realleged and incorporated by reference herein.

As a result of the offenses alleged in Counts One through Four, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, ▉▉▉▉▉▉▉ JAIME ROJAS, a/k/a Ya Tu Sabes, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉, the defendants,

(1)  with respect to Count One, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all respective right, title or interest which such defendants may have in:

   (a)  any and all money and/or property constituting, or derived from. any proceeds which such defendants obtained, directly or indirectly, as the result of the violations alleged in Counts One through Two of this Indictment; and

14

    (b)    any and all property used, in any manner or part, to commit. or to facilitate the commission of, the violations alleged in Counts One through Seven of this Indictment,

(2)    with respect to Counts Two, Three and Four, shall forfeit to the United States. pursuant to Title 46, United States Code, Section 1904, any and all respective right. title or interest which said defendants may have in any property described in Title 21, United States Code, Section 881(a), that is used or intended for use to commit, or to facilitate the commission of, the knowing or intentional manufacture, distribution, or possession with intent to manufacture or distribute, a controlled substance.

(3)    If any of said forfeitable property, as a result of any act or omission of the defendant --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the said property.

APR-14-2004 10:17          305 530 7950                    305 530 7950      P.16
Case 1:04-mj-02424-CMM   Document 1   Entered on FLSD Docket 04/15/2004   Page 16 of 16

Criminal Forfeiture, in violation of Title 21, United States Code, Sections 853 and 970.

and Title 46, United States Code Appendix, Section 1904.

A TRUE BILL:

*[signature]*
FOREPERSON

*[signature]*
Jodi L. Avergun, Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: *[signature]*
Steven N. Siegel
Trial Attorney
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530
(202) 514-0917

16

TOTAL P.16